[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION FOR CONTEMPT DATED SEPTEMBER 24, 2002
1. CHILD CARE EXPENSE CONTRIBUTION
As to that portion of the defendant's motion for contempt regarding the plaintiff's contribution toward qualified child care expenses, the decree is clear. "10.2 In the event that the Wife incurs qualified childcare expenses as a result of her employment, the parties acknowledge that the Child Support Guidelines require a contribution from the Husband. The amount of the contribution shall be calculated in accordance with the Child Support Guidelines and shall be retroactive to the date such qualified childcare is first incurred."
The testimony is undisputed that the wife informed the husband that she was going to be employed, was employed, and had incurred child care expenses. As of the date of the hearing, the court finds that the sum of $5,580 was incurred by the defendant for child care. The husband has failed to make any contribution toward that expense to date. The husband is in contempt of the court's order and is hereby ordered to pay to the wife 62 percent of the outstanding amount owed as of the date of this decision. Said payment is to be made, lump sum, within seven days of the issuance of this decision. Thereafter, the husband's weekly contribution (62 percent) toward the child care expenses shall be payable bimonthly on the first and fifteenth day of each month so long as said expense is incurred by the wife. Further, the husband is to pay $500 in attorney's fees to wife's counsel within seven days of the issuance of this decree.
2. ADDITIONAL CHILD SUPPORT AND ALIMONY PAYMENTS
As to that portion of the defendant's contempt citation regarding payment of additional child support and alimony, the relevant portions of the decree read as follows: "10.1 . . . As additional child support, the Husband shall pay to the Wife a sum equal to 15% of any gross earnings as CT Page 16364 defined by Article XII he has from employment in excess of $160,000.00 per year. Said additional payments shall accrue weekly and be paid bi-monthly on the first and fifteenth day of each month, commencing at the point in the calendar year when the Husband's gross earnings first exceed $160,000." Further, at 11.1 of the decree, the pertinent portion reads as follows: "As additional alimony, the Husband shall pay to the Wife a sum equal to 10% of any gross employment earnings he receives over and above $160,000.00 per year. Said additional payments shall accrue weekly and be paid bi-monthly on the first and fifteenth day of each month, commencing at the point in the calendar year when the Husband's gross earnings first exceed $160,000.00."
Section 12.1 of the decree defines gross earnings as follows: "[A]ny compensation earned, received and/or accrued by, or for the benefit of, the Husband in any calendar year as compensation for services rendered, plus the Husband's share of the net income of any business entities in which the Husband has a controlling interest (i.e. an interest equal to, or greater than, any other owner). The definition shall include but not be limited to salary, draw, earnings, pensions, profit sharing, thrift and savings plan contributions, incentive income of all kinds, other deferred compensation in any form, stock options valued on the vesting date, stock awards, perquisites (other than life insurance, frequent flyer miles, and health insurance expense for the Husband and the parties' children) plus the Husband's share of earnings retained by any business entity or affiliate or subdivision thereof as to which the Husband owns a controlling interest. The parties acknowledge and agree that their intent in defining "gross earnings' is to attribute to the Husband the broadest possible definition of monies or other things of value earned, received or accrued as the fruit of his labors excluding the items specifically excepted in the preceding sentence."
It is undisputed that the husband's gross annual income calculated as of the date of dissolution, March 14, 2002, was $160,604.60. It is further undisputed that the husband's current annual base salary is $165,295.
The parties acknowledged by way of their agreement, specifically § 19.5, that the husband would be receiving a net bonus of approximately $29,000. The decree specifically required the husband to use the net proceeds from the bonus to pay off specific marital debt. The bonus was received the day after the dissolution and the specified debt has been paid.
Further, year-to-date, the husband has received the sum of $5,924.30 by way of a deferred executive contribution from his employer, Thomson CT Page 16365 Holdings Inc. Pursuant to § 17.2 of the parties' divorce decree, said sum was to be deposited into a deferred compensation account specifically designated for the children's educational expenses. The testimony is undisputed that the $5,924.30 has been transferred to this account for the benefit of the children's educational expenses.
The decree is silent as to whether the bonus and/or the deferred compensation contribution was to be included or excluded when calculating the husband's 2002 gross earnings for purposes of effectuating the intent of §§ 10.1 and 11.1.
This court is of the opinion that it would be inequitable and unfair to add said moneys back into the husband's year-to-date earnings for the year 2002 for purposes of calculating his obligation pursuant to §§ 10.1 and 11.1 of the divorce decree.
Therefore, the court does not find the plaintiff in contempt with respect to this portion of the plaintiff's application. Further, the court orders, retroactive to October 1, 2002, that the plaintiff pay to the defendant as additional child support the sum of $33 per week, payable on the first and fifteenth of each month, and as additional alimony, the sum of $22 per week, payable on the first and fifteenth of each month. Said payments shall not cause an adjustment in the parties' respective share of the unreimbursed day care expense.
Bozzuto, J. CT Page 16366